IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| PAUL A. CLARK, <br><br> Petitioner, <br><br> vs. <br><br> ROB JEFFREYS, NDCS Director; <br><br> Respondent. | 4:23CV3118 <br><br> **MEMORANDUM AND ORDER** |

This matter is before the Court on preliminary review of Petitioner Paul A. Clark's Petition for Writ of Habeas Corpus, Filing No. 1, brought pursuant to 28 U.S.C. § 2254. The Petition states no grounds for habeas relief, but incorporates by reference Petitioner's Brief in Support of his Petition, Filing No. 3. Accordingly, the Court will treat the Brief as supplemental to the Petition. The purpose of this review is to determine whether Petitioner's claims, when liberally construed, are potentially cognizable in federal court. Condensed and summarized for clarity, Petitioner's claims are:

Claim One: Petitioner's appellate counsel was ineffective for failing to argue on appeal that trial counsel was ineffective for failing to advise Petitioner of potential defenses to several crimes.

Claim Two: Petitioner should have been permitted to withdraw his plea based on newly discovered evidence that shows Petitioner's actual innocence.

Claim Three: The state postconviction court of appeals failed to overturn the state postconviction trial court's decision to deny Petitioner's ineffective assistance of counsel claims.

Claim Four: Petitioner's appellate counsel was ineffective for failing to argue on appeal that trial counsel was ineffective for failing to advise Petitioner of the potential sentence he could receive by pleading no contest to the crimes charged.

Claim Five: The state postconviction court of appeals failed to overturn the state postconviction court's decision to deny Petitioner's request for appointment of counsel in Petitioner's motion for state postconviction relief.

Liberally construed, the Court determines that Claims One and Four are potentially cognizable in federal court. However, the Court cautions Petitioner that no determination has been made regarding the merits of these claims or any defenses to them or whether there are procedural bars that will prevent Petitioner from obtaining the relief sought.

Liberally construed, the Court determines that Claim Two is not potentially cognizable in federal court. Claim Two asserts that the court of appeals failed to conclude that Petitioner was entitled to change his plea based on newly discovered evidence. The Eighth Circuit has held that "[w]hat may constitute a fair and just reason to withdraw a plea is an issue of state law and is not justiciable in a federal habeas claim." *Holtan v. Black*, 838 F.2d 984, 986 n.4 (8th Cir. 1988). Thus, to the extent Petitioner seeks habeas review of a state court's refusal to allow him to withdraw his plea, Claim Two is not cognizable.

Additionally, to the extent Petitioner frames Claim Two as a claim for habeas relief based on "actual innocence," Claim Two is not cognizable. "The actual innocence showing excuses a procedural bar. It does not constitute an independent substantive

claim." Brian R. Means, Federal Habeas Manual § 9B:84 (West 2024) (citing *Herrera v. Collins*, 506 U.S. 390 (1993)); *cf. Rouse v. United States*, 14 F.4th 795, 801 n.4 (8th Cir. 2021) ("[I]t [is] an open question whether such freestanding claims of actual innocence are cognizable.") (citing *McQuiggin v. Perkins*, 569 U.S. 383, 392 (2013)). Accordingly, to the extent Claim Two seeks habeas relief for actual innocence, the Court does not consider Claim Two to be a cognizable, independent claim. However, the Court will advise Respondent to be mindful of and respond to Petitioner's assertions of "actual innocence" to the extent Petitioner relies on such allegations to excuse any procedural bar.

Claims Three and Five are not cognizable in a federal habeas action. Relief under § 2254 is available for violations of federal law leading to a criminal conviction in state court or on direct appeal from a conviction, but not for violations which occur on collateral review. *See, e.g., Coleman v. Thompson*, 501 U.S. 722, 752-53 (1991) ("There is no constitutional right to an attorney in state post-conviction proceedings.... Consequently, a petitioner cannot claim constitutionally ineffective assistance of counsel in such proceedings...."); *see also Jenkins v. Houston*, 4:05CV3099, 2006 WL 126632, at *1 (D. Neb. 2006) ("Errors during state postconviction review and claims based on ineffective assistance of counsel and other constitutional deprivations during state postconviction proceedings are not cognizable in a federal habeas corpus action.") (collecting cases). Claims Three and Five both seek relief from errors during state postconviction review. Accordingly, both claims are dismissed.

IT IS THEREFORE ORDERED that:

1. Upon initial review of the habeas corpus petition, Filing No. 1, the Court preliminarily determines that Petitioner's Claims One and Four, as they are set forth in this Memorandum and Order, are potentially cognizable in federal court. Claim Two is not an independent, cognizable claim, but Respondent shall respond to Petitioner's assertions of actual innocence to the extent Petitioner relies on such allegations to excuse any procedural bar. Claims Three and Five are not cognizable and are dismissed.

2. By **December 31, 2025**, Respondent must file a motion for summary judgment or state court records in support of an answer. The Clerk of the Court is directed to set a pro se case management deadline in this case using the following text: **December 31, 2025**: deadline for Respondent to file state court records in support of answer or motion for summary judgment.

4. If Respondent elects to file a motion for summary judgment, the following procedures must be followed by Respondent and Petitioner:

   A. The motion for summary judgment must be accompanied by a separate brief, submitted at the time the motion is filed.

   B. The motion for summary judgment must be supported by any state court records that are necessary to support the motion. Those records must be contained in a separate filing entitled: "Designation of State Court Records in Support of Motion for Summary Judgment."

   C. Copies of the motion for summary judgment, the designation, including state court records, and Respondent's brief must be served

        on Petitioner *except* that Respondent is only required to provide Petitioner with a copy of the specific pages of the record that are cited in Respondent's motion and brief. In the event that the designation of state court records is deemed insufficient by Petitioner or Petitioner needs additional records from the designation, Petitioner may file a motion with the Court requesting additional documents. Such motion must set forth the documents requested and the reasons the documents are relevant to the cognizable claims.

D.    No later than 30 days following the filing of the motion for summary judgment, Petitioner must file and serve a brief in opposition to the motion for summary judgment. Petitioner may not submit other documents unless directed to do so by the Court.

E.    No later than 30 days after Petitioner's brief is filed, Respondent must file and serve a reply brief. In the event that Respondent elects not to file a reply brief, he should inform the Court by filing a notice stating that he will not file a reply brief and that the motion is therefore fully submitted for decision.

F.    If the motion for summary judgment is denied, Respondent must file an answer, a designation and a brief that complies with terms of this order. *See* the following paragraph. The documents must be filed no later than 30 days after the denial of the motion for summary judgment. **Respondent is warned that failure to file an answer, a**

**designation and a brief in a timely fashion may result in the imposition of sanctions, including Petitioner's release.**

5. If Respondent elects to file an answer, the following procedures must be followed by Respondent and Petitioner:

    A. By **December 31, 2025**, Respondent must file all state court records that are relevant to the cognizable claims. *See, e.g.*, Rule 5(c)-(d) of the *Rules Governing Section 2254 Cases in the United States District Courts*. Those records must be contained in a separate filing entitled: "Designation of State Court Records in Support of Answer."

    B. No later than 30 days after the relevant state court records are filed, Respondent must file an answer. The answer must be accompanied by a separate brief, submitted at the time the answer is filed. Both the answer and the brief must address all matters germane to the case including, but not limited to, the merits of Petitioner's allegations that have survived initial review, and whether any claim is barred by a failure to exhaust state remedies, a procedural bar, non-retroactivity, a statute of limitations, or because the petition is an unauthorized second or successive petition. *See, e.g.*, Rules 5(b) and 9 of the *Rules Governing Section 2254 Cases in the United States District Courts*.

    C. Copies of the answer, the designation, and Respondent's brief must be served on Petitioner at the time they are filed with the Court *except* that Respondent is only required to provide Petitioner with a

    copy of the specific pages of the designated record that are cited in Respondent's answer and brief. In the event that the designation of state court records is deemed insufficient by Petitioner or Petitioner needs additional records from the designation, Petitioner may file a motion with the Court requesting additional documents. Such motion must set forth the documents requested and the reasons the documents are relevant to the cognizable claims.

 D. No later than 30 days after Respondent's brief is filed, Petitioner must file and serve a brief in response. Petitioner must not submit any other documents unless directed to do so by the Court.

 E. No later than 30 days after Petitioner's brief is filed, Respondent must file and serve a reply brief. In the event that Respondent elects not to file a reply brief, he should inform the Court by filing a notice stating that he will not file a reply brief and that the merits of the petition are therefore fully submitted for decision.

 F. The Clerk of the Court is directed to set a pro se case management deadline in this case using the following text: **February 2, 2026**: check for Respondent's answer and separate brief.

6. No discovery shall be undertaken without leave of the Court. *See* Rule 6 of the *Rules Governing Section 2254 Cases in the United States District Courts.*

Dated this 14th day of November, 2025.

BY THE COURT:

*Joseph F. Bataillon*

Joseph F. Bataillon
Senior United States District Judge